### WOODMAN v. RICHARDSON ET AL.

LIEN DATES FROM FIRST ITEM IN ACCOUNT.

A mechanics' lien dates from the first item in the account, and if the lienholder files his attested account for record within the time provided for by statute, such lien will have priority over a mortgage filed for record any time subsequent to the date of the first item in said account.

ERROR to the Court of Common Pleas of Lake county.

FRAZIER, J.

These are the facts: King and McMakin hold mortgages on the land of Richardson. Woodman had sold Richardson lumber which was used in constructing a building on said land. The first item of lumber was sold to Richardson before the said mortgages were executed; but the mortgages were executed, delivered and recorded before Woodman had taken any steps towards perfecting his mechanics' lien for the materials so furnished.

Woodman, however, filed his attested account for record, before the expiration of the four months provided for by law, within which he might file it, and have the same become a valid lien on the premises.

The common pleas court held that the mortgages were prior to the mechanics' lien, for the reason that they were first filed for record. We think that the court below erred in so holding.

The mechanics' lien should have priority over both these mortgages. It does not matter that the mortgagees got their mortgages *first on record*, so long as the lienholder filed his account within the proper time, providing the first item of his account was sold before the execution and filing of the mortgages.

As between the mortgages, the first on file would have priority, but as a mechanics' lien dates from the first item of the account, the mortgage must be filed for record before the date of such item, in order to give it priority over the lien—if the lienholder has complied with the statute.

Alvord & Alvord, for plaintiff in error.

G. W. Baptiste, for defendant in error.